IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEGAN M. CUNNINGHAM, )
　)
　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 17-551
　)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 18) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since September 15, 2013. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on March 18, 2016. (ECF No. 8-2, pp. 28-53). On April 5, 2016, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 14-23).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.     Residual Functional Capacity ("RFC ") [2]

Plaintiff asserts the ALJ erred in weighing the opinion evidence when formulating her RFC.[3] (ECF No. 16, pp. 9-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with certain limitations. (ECF No. 8-2, pp. 18-22).

generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). The opinion of a treating physician need not be viewed uncritically. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

In this case, there are conflicting medical opinions. (ECF No. 8-2, pp. 21-22). The ALJ assigned little weight to the opinion of Dr. Deines, a consultative psychological examiner, regarding Plaintiff's restrictions in concentration, persistence and pace, as well as, Plaintiff's ability to cope with stressors because it is inconsistent with medical evidence and other evidence of record. (ECF No. 8-2, p. 21). The ALJ assigned little weight to the opinion of Dr. Shaun Eack, a treating provider, that Plaintiff was unable to work due to her condition because it is conclusory and "fails to provide qualitative or quantitative restrictions" regarding her RFC. *Id.* He also found Dr. Eack's scores regarding Plaintiff's functioning in other activities involving "concentration, memory, and task persistence are inconsistent with the claimant's record." *Id.* With regard to Dr. Marston, a consultative psychological examiner, the ALJ assigned his opinion partial weight. *Id.* He rejected that portion of Dr. Marston's opinion that Plaintiff would be unable to maintain a job as that opinion is an ultimate question of disability reserved for the ALJ. *Id.* He also noted that Dr. Marston failed to provide "qualitative or quantitative restrictions regarding" Plaintiff's RFC. *Id.* These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, after a review of the record, I find there is substantial evidence of record to support the ALJ's weighing of these opinions. *See,* ECF No. 8-3, pp. 5-19. Consequently, I find no error in this regard.

Contrary to Plaintiff's assertion, the ALJ did not assign "great weight" to the non-examining state agency physician. *Compare* ECF No. 16, p. 11 *with* No. 8-2, p. 21. Rather, the ALJ gave Dr. Brace's opinion partial weight. (ECF No. 8-2, p. 21). Plaintiff appears to argue that the ALJ erred in relying on Dr. Brace's opinion because Dr. Brace did not review subsequent records that were created after she rendered her opinion. (ECF No. 16, pp. 11-12). I disagree. State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20

C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). I find the ALJ properly considered the opinion of the state agency medical consultant in accordance with 20 C.F.R. §§416.927(e), 404.1527(e). The ALJ gave Dr. Brace's opinion partial weight because he found that Dr. Brace's opinion is inconsistent with the record in that she "underestimated the degree of social restrictions experienced by Plaintiff," specifically as it relates to Plaintiff's ability to interact with others. *Id.* After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be valid, sufficiently explained and supported by substantial evidence of record. (ECF No. 8-2, pp. 14-23). Therefore, I find no error in this regard on the part of the ALJ.

Plaintiff additionally argues that the ALJ erred in failing to analyze the medical opinion of Dr. Szekely, a treating physician. (ECF No. 16, pp. 13-14). Specifically, Plaintiff argues that the ALJ failed to consider the medical opinion set forth in the "Certification of Disability Form" for reduced-fare transportation services completed by Dr. Szekely on August 5, 2013. *Id.* After a review of the record, I disagree. First, the "Certification of Disability Form" is a simple check-box form. (ECF No. 8-10, p. 39). Second, the only opinion of Dr. Szekely set forth therein is an opinion on the ultimate issue of disability. *Id.* Such ultimate questions of disability are reserved solely for the ALJ and, therefore, are irrelevant. 20 C.F.R. §404.1527, 416.927. Thus, the ALJ was not required to give such opinion any weight. Nonetheless, I note that the ALJ did discuss Dr. Szekely's treatment records. (ECF No. 8-2, p. 19). Finally, I recognize that this form

predates the date of Plaintiff's application.[4]   (ECF No. 8-6, p. 2).   20 C.F.R. §416.202. Consequently, based on all of the above, I find no merit to this argument.

     An appropriate order shall follow.

---

[4] A person is eligible for supplemental security income beginning on the date of the application.  20 C.F.R. §416.202(g).   The "Certification of Disability Form" predates the date of the application date.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEGAN M. CUNNINGHAM,  )
               Plaintiff,  )
   -vs-  )   Civil Action No. 17-551
NANCY A. BERRYHILL,[5]  )
COMMISSIONER OF SOCIAL SECURITY,  )
               Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

AND now, this 30th day of May, 2018, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.